IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE JAMES WILEY,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-922-D-BW |
| STATE OF TEXAS, et al.,<br>Respondents. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on April 14, 2025, and the Petition for Leave to Proceed as Next Friend, Trustee, and Holder of Private Power of Attorney for Andre James Wiley in a Habeas Corpus Proceeding, filed on May 5, 2025. (Dkt. Nos. 3, 7.) Based on the relevant filings and applicable law, the Court should **DENY** the request to proceed as next friend and **DISMISS** the habeas petition without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On April 14, 2025, Christopher Lee Wiley ("C. Wiley") signed and filed a § 2241 habeas petition on behalf of Petitioner Andre James Wiley ("A. Wiley"), challenging A. Wiley's state detention. (*See* Dkt. No. 3.) By Notice of Deficiency and Order dated April 16, 2025, the Court issued an order stating that if C. Wiley, a non-lawyer, sought to pursue this habeas action on behalf of A. Wiley, C. Wiley had

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

to file a motion to proceed as "next friend" within 30 days that: (1) adequately explained why A. Wiley could not prosecute the action on his own behalf; (2) established that C. Wiley is truly dedicated to the best interests of A. Wiley; and (3) showed a significant relationship with A. Wiley. (*See* Dkt. No. 4 at 2.) The order also advised that A. Wiley alternatively could prosecute the action by filing an appropriate form § 2241 petition under his own signature. (*See id.*)

On May 5, 2025, C. Wiley filed a motion seeking to proceed as next friend for A. Wiley based on: (1) his capacity as a Christian man; (2) his role as trustee of the Wiley Foundational Family trust, of which A. Wiley is a beneficiary; and (3) a private durable power of attorney executed on January 1, 2023. (*See* Dkt. No. 7 at 1-2.) A. Wiley did not refile a § 2241 petition on his own behalf.

## II. ANALYSIS

As the Court explained in its April 16 order, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone who seeks to pursue an action on behalf of a petitioner, however. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the

2

action on his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest. *See Thorpe v. Eavenson*, No. 3:07-CV-1735-D, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007). The potential next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Whitmore,* 495 U.S. at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Here, C. Wiley fails to establish that he can continue to litigate this action as A. Wiley's "next friend." He provides no reason or explanation—much less an adequate one—why A. Wiley cannot pursue this action on his own behalf, and none appears on this record. *See Weber*, 570 F.2d at 514 n.4. His allegations therefore fail to carry his burden to clearly establish that application of the "next friend" device is warranted. Additionally, to the extent C. Wiley seeks to represent A. Wiley in this habeas action on the basis of a purported power of attorney, he "fails to understand that a power-of-attorney does *not* present an individual with the right to represent someone as 'next friend' in a *pro se* capacity and to act as an actual attorney." *Schreck by & through Schreck v. City of Amarillo*, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021) ("An 'attorney-in-fact' designation is *not* a license to practice law"); *see also Weber*, 570 F.2d at 514. Accordingly, the Court should deny C. Wiley's motion to proceed as A. Wiley's next friend in this habeas action.

3

Because C. Wiley fails to show that he may proceed as A. Wiley's next friend in this action, the Court lacks jurisdiction to consider the § 2241 petition. *See Weber*, 570 F.2d at 514; *Reed v. United States*, No. 3:22-CV-1683-B-BK, 2022 WL 4239361, at *1 (N.D. Tex. Aug. 19, 2022) (dismissing habeas motion for lack of jurisdiction where filer failed to establish next friend status), *rec. accepted*, 2022 WL 4240890 (N.D. Tex. Sept. 14, 2022). The Court therefore should dismiss the habeas petition without prejudice for lack of jurisdiction.

### III. RECOMMENDATION

The Court should **DENY** the Petition for Leave to Proceed as Next Friend, Trustee, and Holder of Private Power of Attorney for Andre James Wiley in a Habeas Corpus Proceeding, filed on May 5, 2025 (Dkt. No. 7), and it should **DISMISS** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on April 14, 2025 (Dkt. No. 3), without prejudice for lack of jurisdiction.

**SO RECOMMENDED** on June 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).